| | |
|---|---|
| DISTRICT COURT, ARAPAHOE COUNTY, COLORADO<br>7325 S. Potomac St.<br>Centennial, CO 80112<br>(303) 645-6600 | DATE FILED<br>January 2, 2026 12:53 PM<br>FILING ID: AA59A240303B0<br>CASE NUMBER: 2026CV30010 |
| **Plaintiff:** ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, a foreign corporation,<br><br>v.<br><br>**Defendant:** ECOLIFE TECHNOLOGIES, INC., a foreign corporation, and SAMSUNG ELECTRONICS AMERICA, INC., a foreign corporation. | ▲COURT USE ONLY▲ |
| ***Counsel for Plaintiff***<br>Jennifer A. Poynter, #24619<br>Charles M. Gruber, #62075<br>Poynter Law LLC<br>Address: 6025 S. Quebec St., Ste. 190<br>Centennial, CO 80111<br>Phone: (303) 991-2229<br>Email: jennifer@poynterlawllc.com<br>cgruber@poynterlawllc.com | Case No.:<br><br>Div.: |
| **COMPLAINT** | |

Plaintiff Allstate Vehicle and Property Insurance Company, by and through its attorneys, Poynter Law LLC, hereby submits the following Complaint against the above-named Defendant:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Allstate Vehicle and Property Insurance Company ("Allstate") is an Illinois corporation authorized to do business in Colorado, with a principal business address of 3075 Sanders Road, Suite G4e, Northbrook, IL 60062.

2. At all times relevant, Plaintiff Allstate provided insurance for Alexandra Barth with respect to real property located at 24073 E. Florida Ave., Aurora, CO 80018 ("Property").

3. Defendant Ecolife Technologies, Inc. ("Ecolife") is a California corporation with a principal business address of 1951 S. Lynx Pl., Ontario, CA 91761, and a registered agent for service of process listed on the California Secretary of State website as Jun Zhang, 1951 S. Lynx Pl., Ontario, CA 91761.

**EXHIBIT B**

4. Defendant Samsung Electronics America, Inc. ("Samsung") is a New York corporation authorized to do business in Colorado, with a principal place of business located at 85 Challenger Rd., Ridgefield Park, NJ 07660, and a registered agent for service of process listed on the Colorado Secretary of State website as C T Corporation System, 7700 E. Arapahoe Rd., Ste. 220, Centennial, CO 80112.

5. As set forth herein, Defendant caused an incident to occur in the County of Arapahoe, State of Colorado.

6. This Court has jurisdiction of this matter pursuant to C.R.S. § 13-1-124 or otherwise under Colorado statutes and law.

7. Venue is proper in this Court pursuant to C.R.C.P. 98 because the subject incident occurred in Arapahoe County, Colorado.

## GENERAL ALLEGATIONS

8. On January 6, 2024, the Property belonging to Plaintiff's insureds was damaged by water leaking from the refrigerator located in the Property kitchen.

9. The refrigerator Model No. RF263BEAESR/AA, Serial No. JKJ44BBFA07744 ("Refrigerator") is manufactured and sold by Defendant Samsung.

10. The Refrigerator was connected to the home's water supply line point in the kitchen, and the water leak was observed coming from inside the Refrigerator.

11. The Refrigerator was equipped with a "Waterdrop" water filter, model no. WD-DA29-00020B, serial no. BJAL06V5V2ZD-1JN ("Filter"), manufactured and sold by Defendant Ecolife.

12. The Refrigerator and the Filter were subsequently collected and nondestructively examined in a laboratory.

13. A "Y" shaped crack was observed on the Filter consistent with a freeze failure.

14. Depending on the quantity of foodstuffs stored in a refrigerator, residential refrigerators such as Refrigerator may reach temperatures at or near freezing even if not set to that level.

15. This occurs because the inside of residential refrigerators such as the subject Refrigerator, are partially cooled via a vent from the connected freezer that lets cold air from the freezer into the refrigerator.

16. Because residential refrigerators cooled in this manner are capable of reaching temperatures at or near freezing, water filters installed in such refrigerators should be designed

and manufactured to resist freezing temperatures to avoid water losses such as the subject water loss.

17. Residential refrigerators, such as the subject Refrigerator, should not be designed in this manner, as it allows the temperature inside the Refrigerator to reach temperatures at or near freezing even if not set to that level.

18. Water inside the subject Filter froze and cracked the filter, which led to the discharge of water from the filter that caused the subject water loss.

19. At the time the Filter was manufactured, other designs and materials that are resistant to freezing temperatures to avoid water loss were readily available.

20. The water loss at Plaintiff's insured's Property was caused by the defective Filter that was not designed and manufactured to resist expected temperatures inside the Refrigerator in which it was installed.

21. Freezing temperatures in the Refrigerator that caused the defective Filter to burst were reached due to the defective design of the Refrigerator.

22. As a result of the water leak, Plaintiff Allstate paid damages on behalf of its insured under a policy of insurance in place at the time of the loss and is now equitably and legally subrogated to her claims against the Defendants.

**FIRST CLAIM FOR RELIEF**
**(Strict Product Liability- Ecolife)**

23. Plaintiff incorporates by reference the allegations contained in the previous paragraphs as if more fully set forth herein.

24. Defendant Ecolife designed and manufactured the Filter and was in the business of selling such Filters for use.

25. Defendant Ecolife sold the Filter in a condition that was defective, and because of the defect, the Filter was unreasonably dangerous to the Property of the purchaser, Plaintiff's insured.

26. The Filter was defective at the time it was sold by Defendant Ecolife or left its control.

27. The Filter was expected to reach and did reach the users, including Plaintiff's insured, without substantial change in the condition in which it was sold.

28. Plaintiff's insured was a person who would reasonably be expected to use the Filter.

29. Plaintiff's insured's Property was damaged by the water leak.

30. The defect in the Filter was the cause of the water leak and the damages to Plaintiff's insured's Property.

31. As a direct and proximate result of the defect in the Filter, Plaintiff sustained damages in an amount to be proven at trial.

**SECOND CLAIM FOR RELIEF**
**(Negligence- Ecolife)**

32. Plaintiff incorporates by reference the allegations contained in the previous paragraphs as if more fully set forth herein.

33. Defendant Ecolife designed and manufactured the Filter.

34. Defendant Ecolife knew, or in the exercise of reasonable care should have known, that the Filter would foreseeably be exposed to temperatures at or near freezing while installed inside the Refrigerator.

35. Defendant Ecolife was negligent by failing to design, manufacture, and test the Filter to ensure that it could withstand exposure at or near freezing temperatures inside a residential refrigerator.

36. Plaintiff's insured was a person who would reasonably be expected to use the Filter.

37. The Property of Plaintiff's insured was damaged by Defendant Ecolife's negligence while the Filter was being used in the manner Defendant Ecolife should reasonably have expected.

38. As a direct and proximate result of Defendant Ecolife's negligence, Plaintiff sustained damages in an amount to be proven at trial.

**THIRD CLAIM FOR RELIEF**
**(Breach of Implied Warranty of Merchantability- Ecolife)**

39. Plaintiff incorporates by reference the allegations contained in the previous paragraphs as if more fully set forth herein.

40. Defendant Ecolife sold the Filter.

41. Defendant Ecolife was a merchant with respect to the type of product involved.

42. The Filter was not of merchantable quality at the time of sale.

43. Defendant Ecolife failed to provide merchantable goods, as the Filter was susceptible to fracturing when exposed to foreseeable temperatures inside a Refrigerator.

44. Within a reasonable time after Plaintiff discovered or should have discovered the alleged breach of warranty, Plaintiff notified Defendant Ecolife of the breach.

45. As a direct and proximate result of Defendant Ecolife's breach of the implied warranty of merchantability, Plaintiff sustained damages in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF
**(Breach of Implied Warranty of Fitness- Ecolife)**

46. Plaintiff incorporates by reference the allegations contained in the previous paragraphs as if more fully set forth herein.

47. Defendant Ecolife sold the Filter.

48. Defendant Ecolife impliedly warranted the Filter to be fit for the particular purpose of use as a safe in-appliance water filter and purifier.

49. Plaintiff's insured was a person who was reasonably expected to use or be affected by the Filter.

50. The Filter was not fit for the particular purpose for which it was warranted, as the Filter was susceptible to fracturing when exposed to normal, expected, and foreseeable temperatures inside a refrigerator.

51. Within a reasonable time after Plaintiff discovered or should have discovered the alleged breach of warranty, Plaintiff notified Defendant Ecolife of the breach.

52. As a direct and proximate result of Defendant Ecolife's breach of the implied warranty of fitness, Plaintiff sustained damages in an amount to be proven at trial.

## FIFTH CLAIM FOR RELIEF
**(Strict Product Liability- Samsung)**

53. Plaintiff incorporates by reference the allegations contained in the previous paragraphs as if more fully set forth herein.

54. Defendant Samsung designed, manufactured, and distributed the Refrigerator and was in the business of selling such refrigerators for use.

55. Defendant Samsung's design of the Refrigerator allowed for the refrigerator to reach freezing temperatures when it was not stocked even if the Refrigerator was set to a temperature above freezing.

56. Defendant Samsung sold the Refrigerator in a condition that was defective, and because of the defect, the Refrigerator was unreasonably dangerous to the Property of the purchaser, Plaintiff's insured.

57. The Refrigerator was defective at the time it was sold by Defendant Samsung or left its control.

58. The Refrigerator was expected to reach and did reach the users, including Plaintiff's insured, without substantial change in the condition in which it was sold.

59. Plaintiff's insured was a person who would reasonably be expected to use the Refrigerator.

60. Plaintiff's insured's Property was damaged by the water leak.

61. The defect in the Refrigerator was the cause of the freeze, water leak, and the damages to Plaintiff's insured's Property.

62. As a direct and proximate result of the defect in the Refrigerator, Plaintiff sustained damages in an amount to be proven at trial.

## SIXTH CLAIM FOR RELIEF
**(Breach of Implied Warranty of Merchantability- Samsung)**

63. Plaintiff incorporates by reference the allegations contained in the previous paragraphs as if more fully set forth herein.

64. Defendant Samsung sold the Refrigerator.

65. Defendant Samsung was a merchant with respect to the type of product involved.

66. The Refrigerator was not of merchantable quality at the time of sale.

67. Defendant's Refrigerator failed to provide merchantable goods, as the Refrigerator was susceptible to reaching freezing temperatures, even with the temperature set above a freezing level.

68. Within a reasonable time after Plaintiff discovered or should have discovered the alleged breach of warranty, Plaintiff notified Defendant Samsung of the breach.

69. As a direct and proximate result of Defendant Samsung's breach of the implied warranty of merchantability, Plaintiff sustained damages in an amount to be proven at trial.

**PRAYERS FOR RELIEF**

Plaintiff prays for judgment against the Defendants as follows:

1. For compensatory damages in amounts to be determined at trial;
2. For Plaintiff's costs and expenses incurred herein;
3. For interest as allowed by law;
4. For attorneys' fees as allowed by law; and
5. For such other and further relief as the Court deems just and equitable.

Dated this 2nd day of January, 2026.

Respectfully submitted,

POYNTER LAW LLC

*/s/ Jennifer A. Poynter*
Jennifer A. Poynter – No. 24619
Charles M. Gruber – No. 62075
ATTORNEYS FOR PLAINTIFF

Plaintiff's Address:

3075 Sanders Rd., Ste. G4e
Northbrook, IL 60062

| | |
|---|---|
| DISTRICT COURT, ARAPAHOE COUNTY, COLORADO<br>7325 S. Potomac St.<br>Centennial, CO 80112<br>(303) 645-6600 | DATE FILED<br>January 2, 2026 12:53 PM<br>FILING ID: AA59A240303B0<br>CASE NUMBER: 2026CV30010 |
| **Plaintiff:** ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, a foreign corporation,<br><br>v.<br><br>**Defendant:** ECOLIFE TECHNOLOGIES, INC., a foreign corporation, and SAMSUNG ELECTRONICS AMERICA, INC., a foreign corporation. | ▲COURT USE ONLY▲ |
| ***Counsel for Plaintiff***<br>Jennifer A. Poynter, #24619<br>Charles M. Gruber, #62075<br>Poynter Law LLC<br>Address: 6025 S. Quebec St., Ste. 190<br>Centennial, CO 80111<br>Phone: (303) 991-2229<br>Email: jennifer@poynterlawllc.com<br>cgruber@poynterlawllc.com | Case No.:<br><br>Div.: |
| **SUMMONS** | |

**TO THE ABOVE NAMED DEFENDANT:**

c/o Registered Agent for Ecolife Technologies, Inc.
Jun Zhang,
1951 S. Lynx Pl.,
Ontario, CA 91761

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court an answer or other response to the attached Complaint. If service of the Summons and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 21 days after such service upon you. If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 35 days after such service upon you. Your answer or counterclaim must be accompanied with the applicable filing fee.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

Dated this 2nd day of January 2026.

Respectfully submitted,

POYNTER LAW LLC
*Signed copy on file at the office of Poynter Law LLC*

*/s/ Jennifer A. Poynter*
Jennifer A. Poynter - No. 24619
ATTORNEY FOR PLAINTIFF

**This Summons is issued pursuant to Rule 4, C.R.C.P., as amended. A copy of the Complaint must be served with this Summons. This form should not be used where service by publication is desired.**

**WARNING:** A valid summons may be issued by a lawyer and it need not contain a court case number, the signature of a court officer, or a court seal. The plaintiff has 14 days from the date this summons was served on you to file the case with the court. You are responsible for contacting the court to find out whether the case has been filed and obtain the case number. If the plaintiff files the case within this time, then you must respond as explained in this summons. If the plaintiff files more than 14 days after the date the summons was served on you, the case may be dismissed upon motion and you may be entitled to seek attorney's fees from the plaintiff.

TO THE CLERK: If the summons is issued by the clerk of the court, the signature block for the clerk or deputy should be provided by stamp, or typewriter, in the space to the left of the attorney's name.

| | |
|---|---|
| DISTRICT COURT, ARAPAHOE COUNTY, COLORADO<br>7325 S. Potomac St.<br>Centennial, CO 80112<br>(303) 645-6600 | DATE FILED<br>January 2, 2026 12:53 PM<br>FILING ID: AA59A240303B0<br>CASE NUMBER: 2026CV30010 |
| **Plaintiff:** ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, a foreign corporation,<br><br>v.<br><br>**Defendant:** ECOLIFE TECHNOLOGIES, INC., a foreign corporation, and SAMSUNG ELECTRONICS AMERICA, INC., a foreign corporation. | ▲COURT USE ONLY▲ |
| ***Counsel for Plaintiff***<br>Jennifer A. Poynter, #24619<br>Charles M. Gruber, #62075<br>Poynter Law LLC<br>Address: 6025 S. Quebec St., Ste. 190<br>Centennial, CO 80111<br>Phone: (303) 991-2229<br>Email: jennifer@poynterlawllc.com<br>cgruber@poynterlawllc.com | Case No.:<br><br>Div.: |
| **SUMMONS** | |

**TO THE ABOVE NAMED DEFENDANT:**

c/o Registered Agent for Samsung Electronics America, Inc.
C T Corporation System,
7700 E. Arapahoe Rd., Ste. 220,
Centennial, CO 80112

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court an answer or other response to the attached Complaint. If service of the Summons and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 21 days after such service upon you. If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 35 days after such service upon you. Your answer or counterclaim must be accompanied with the applicable filing fee.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

Dated this 2nd day of January 2026.

Respectfully submitted,

POYNTER LAW LLC
*Signed copy on file at the office of Poynter Law LLC*

*/s/ Jennifer A. Poynter*
Jennifer A. Poynter - No. 24619
ATTORNEY FOR PLAINTIFF

**This Summons is issued pursuant to Rule 4, C.R.C.P., as amended. A copy of the Complaint must be served with this Summons. This form should not be used where service by publication is desired.**

**WARNING:** A valid summons may be issued by a lawyer and it need not contain a court case number, the signature of a court officer, or a court seal. The plaintiff has 14 days from the date this summons was served on you to file the case with the court. You are responsible for contacting the court to find out whether the case has been filed and obtain the case number. If the plaintiff files the case within this time, then you must respond as explained in this summons. If the plaintiff files more than 14 days after the date the summons was served on you, the case may be dismissed upon motion and you may be entitled to seek attorney's fees from the plaintiff.

TO THE CLERK: If the summons is issued by the clerk of the court, the signature block for the clerk or deputy should be provided by stamp, or typewriter, in the space to the left of the attorney's name.

| | |
|---|---|
| DISTRICT COURT, ARAPAHOE COUNTY, COLORADO<br>7325 S. Potomac St.<br>Centennial, CO 80112<br>(303) 645-6600 | DATE FILED<br>January 2, 2026 12:53 PM<br>FILING ID: AA59A240303B0<br>CASE NUMBER: 2026CV30010 |
| **Plaintiff:** ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, a foreign corporation,<br><br>v.<br><br>**Defendant:** ECOLIFE TECHNOLOGIES, INC., a foreign corporation, and SAMSUNG ELECTRONICS AMERICA, INC., a foreign corporation. | ▲COURT USE ONLY▲ |
| ***Counsel for Plaintiff***<br>Jennifer A. Poynter, #24619<br>Charles M. Gruber, #62075<br>Poynter Law LLC<br>Address: 6025 S. Quebec St., Ste. 190<br>Centennial, CO 80111<br>Phone: (303) 991-2229<br>Email: jennifer@poynterlawllc.com<br>cgruber@poynterlawllc.com | Case No.:<br><br>Div.: |

**DISTRICT COURT CIVIL COVERSHEET**

1. This cover sheet shall be filed with the initial pleading of a complaint, counterclaim, cross-claim or third party complaint in every district court civil (CV) case. It shall not be filed in Domestic Relations (DR), Probate (PR),, Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases or in Water (CW) proceedings subject to sections 37-92-302 to 37-92-305, C.R.S. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2. Simplified Procedure under C.R.C.P. 16.1 **applies** to this case **unless** (check one box below if this party asserts that C.R.C.P. 16.1 **does not** apply):

   ☐ This is a class action, forcible entry and detainer, Rule 106, Rule 120, or other similar expedited proceeding, **or**

   ☐ This party is seeking a monetary judgment against another party of more than $100,000.00, exclusive of interest and costs, as supported by the following certification:

   By my signature below and in compliance with C.R.C.P. 11, based upon information reasonably available to me at this time, I certify that the value of this party's claims against one of the other parties is reasonably believed to exceed $100,000.

**Or**

☐ Another party has previously filed a cover sheet stating that C.R.C.P. 16.1 does not apply to this case.

3. • This party makes a **Jury Demand** at this time and pays the requisite fee. *See* C.R.C.P. 38. (Checking this box is optional.)

Date: January 2, 2026

*s/ Jennifer A. Poynter*
Signature of Attorney for Party

**NOTICE**
This cover sheet must be served on all other parties along with the initial pleading of a complaint, counterclaim, cross-claim, or third party complaint.

| | |
|---|---|
| DISTRICT COURT, ARAPAHOE COUNTY, STATE OF COLORADO<br>7325 South Potomac Street<br>Centennial, Colorado 80112 | DATE FILED<br>January 2, 2026 1:08 PM<br>CASE NUMBER: 2026CV30010 |
| Plaintiff(s): ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, a foreign corporation<br><br>v.<br><br>Defendant(s): ECOLIFE TECHNOLOGIES, INC., a foreign corporation, and SAMSUNG ELECTRONICS AMERICA, INC., a foreign corporation | ▲ **COURT USE ONLY** ▲<br><br>Case Number: 26CV30010<br>Div. 15 |

**DELAY REDUCTION ORDER**
(FOR CASES FILED ON OR AFTER JULY 1, 2015)

This Court is on a delay reduction docket.

A. For all civil actions, the following deadlines must be met:

1. Service of Process: Returns of service on all defendants shall be filed within **63 days** after the date of the filing of the complaint.

2. Default Judgment: Application for default judgment shall be filed within **35 days** after default has occurred.

3. Case Management: Whether a Case Management Conference is required is determined by each Division.

4. Trial Setting: Parties shall comply with the procedure for setting trial as determined by the Judge presiding over the Division to which the case has been assigned.

    a. Actions governed by C.R.C.P. 16 shall be set for trial within **49 days** of the "at issue" date and generally trial will be set within **1 year** of the date the Complaint was filed unless the Court determines that the nature of the case requires a later setting.

    b. Actions governed by C.R.C.P. 16.1 shall be set for trial within **42 days** of the "at issue" date and generally trial will be set within **6 months** of the date the Complaint was filed unless the Court determines that the nature of the case requires a later setting.

B. A District Court Civil Cover Sheet (JDF 601) shall be filed with all civil complaints.

C. Plaintiff shall send a copy of this Order to all other parties who enter an appearance and shall file a certificate of mailing within 14 days following the entry of appearance.

D. Any attorney entering an appearance in this case who is aware of a related case is ordered to complete and file in this case a document entitled "Information Regarding Case(s)" informing the Court of the related case(s) and stating whether consolidation is appropriate.

E. If an attorney or self-represented party failed to comply with the Order, the Court may dismiss the case without prejudice.

Date: January 2, 2026

BY THE COURT:
ASSIGNED JUDGE

| | |
|---|---|
| **ARAPAHOE COUNTY COMBINED COURTS**<br>**DISTRICT COURT, ARAPAHOE COUNTY, COLORADO**<br>**7325 South Potomac Street**<br>**Centennial, Colorado 80112** | DATE FILED<br>January 5, 2026 2:57 PM<br>CASE NUMBER: 2026CV30010 |
| **Plaintiff: Allstate Vehicle And Property Insurance**<br><br>**v.**<br><br>**Defendant: Ecolife Technologies Inc et al** | ▲ **COURT USE ONLY** ▲<br><br>**Case Number: 26CV30010**<br><br>**Courtroom: 15** |
| **DIVISION 15 DELAY REDUCTION ORDER AND ORDER REGARDING PLAN FOR SETTLEMENT** | |

All civil courtrooms are on a delay reduction docket and the Clerk's office automatically generates a "Delay Reduction Order/Order – Case Management". If there are any differences between that document and this Order, the Division 15 Delay Reduction Order shall control.

**IF AN ATTORNEY OR PRO SE PARTY FAILS TO COMPLY WITH THIS ORDER, THE COURT MAY DISMISS THE CASE WITHOUT PREJUDICE. THIS ORDER IS THE INITIAL NOTICE REQUIRED BY C.R.C.P 121 § 1-10, AND C.R.C.P. 41(B)(2).**

A. In all civil actions, the following deadlines must be met:

1. **Service of Process:** Proof of service of process under C.R.C.P. 4 for all defendants must be filed within **63 days** after the date of filing of the complaint. After **63 days**, the action may be dismissed by the Court against any defendant for whom proof of service has not been filed.

   **Replevin and FED Cases**: In any replevin or FED matter, proof of service on Defendant(s) must be filed at least 48 hours PRIOR to a scheduled hearing on possession. If proof of service is not filed at least 48 hours prior to the hearing, the hearing is subject to being vacated and reset.

2. **Default:** Application for entry of default under C.R.C.P. 55(a) must be filed within **14 days** after default has occurred.

   If all defendants are in default, a motion for entry of default judgment under C.R.C.P. 55(b) must be filed with the application for entry of default. Motions for entry of default judgment must comply with C.R.C.P. 121 § 1-14. Reasonable inquiry regarding

a person's military status requires confirmation through the Department of Defense's Servicemembers Civil Relief Act website (https://scra.dmdc.osd.mil) or equivalent confirmation.

3. **Trial Setting for All Cases:** The Responsible Attorney as defined in C.R.C.P. 16(b)(2) must file and serve a Notice to Set the case for trial and must complete the setting of the trial no later than **28 days from the date the case is at issue**. (Note: this is a shorter timeframe than would otherwise be required by C.R.C.P. 16.1(g)). A case is "at issue" when: (a) all parties have been served and have filed all pleadings permitted by C.R.C.P. 7; or (b) defaults or dismissal have been entered against all non-appearing parties; or (c) at such other time as the Court directs.

   Trial settings may be obtained by emailing 18Division15@judicial.state.co.us. No case will be set for more than 5 days without prior approval of the Court. No case will be set beyond one year after the case is filed without prior approval of the Court. **The Court adheres to the provisions of Chief Justice Directive (CJD) 08-08 which requires that 90% of all civil actions filed shall be concluded within one year of filing.**

4. Cases filed under **C.R.C.P. 16:**

   **Case Management Conference:** Pursuant to C.R.C.P. 16(d)(3), all parties represented by counsel may, no later than **28 days** from the date the case is at issue, file a proposed Case Management Order in compliance with C.R.C.P. 16(b). The parties must file, in editable format, a proposed Case Management Order consisting of the matters set forth in C.R.C.P. 16(b)(1)-(17) and take all necessary actions to comply with those subsections. The Court will set a Case Management Conference at its discretion.

5. Cases filed under **C.R.C.P. 16.1:**

   **Certificate of Compliance:** Not later than **49 days** after the case is at issue, the Plaintiff (or the Responsible Attorney) must file a Certificate of Compliance as required under C.R.C.P. 16.1(h). No Case Management Order or Case Management Conference is required.

6. Additionally, in all civil actions, the following provisions apply:

**Service of this Order:** The Plaintiff or Responsible Attorney must send a copy of this order to all other parties who enter an appearance and shall file a certificate of mailing within 14 days following the entry of appearance.

**Related Cases:** An attorney entering an appearance in this case who is aware of a related case is ordered to complete and file in this case an Information Regarding Related Case(s) informing the Court of the related case(s) and stating whether consolidation is appropriate.

**ORDER REGARDING PLAN FOR SETTLEMENT PURSUANT TO C.R.C.P. 16(b)(7) and C.R.S. § 13-22-311, 313**

1. This Order applies to all civil cases filed at this Court.

2. No later than 35 days after the case is at issue, the parties shall explore the possibility of a prompt settlement or resolution of the case.

3. No later than 42 days after the case is at issue, the parties shall submit a document entitled "Stipulated Plan Regarding Settlement" setting forth their plans for future efforts to settle the case to the Court. Unless notified otherwise by the Court, the Stipulated Plan Regarding Settlement is automatically adopted as an Order of the Court.

The Stipulated Plan Regarding Settlement (ADR Plan) must include the following:

   a. Specification of the selected form of ADR. The parties may select any form of ADR defined in C.R.S. § 13-22-302.

   b. Designation of a provider who has been contacted and has agreed to provide ADR services to the parties. The parties may select any provider available in the community including Office of Dispute Resolution (ODR). ODR offers moderately priced mediation and other ADR services. ODR can be scheduled at www.ColoradoODR.org or call 720-625-5940.

4. If no stipulated plan is submitted within 42 days of the case being at issue, the Court-ordered plan shall be that the parties must participate in mediation with ODR no later than 63 days prior to the trial date.

5. Failure to comply with this Order may result in sanctions including, but not limited to, loss of trial date.

6. The parties must certify in the proposed Trial Management Order (due 7 days before the date of Pre-Trial Conference) that they have complied with the Stipulated Plan Regarding Settlement or with ODR pursuant to paragraph 3 above.

7. Plaintiff shall send a copy of this Order to all other parties who enter an appearance and shall file a certificate of mailing within 14 days following the entry of appearance.

**If an attorney or pro se party fails to comply with this Order, the Court may dismiss the case without prejudice.**

Date: January 5, 2026

BY THE COURT:

Benjamin T. Figa
District Court Judge

| | |
|---|---|
| DISTRICT COURT, ARAPAHOE COUNTY, COLORADO<br>7325 S. Potomac St.<br>Centennial, CO 80112<br>(303) 645-6600 | DATE FILED<br>January 5, 2026 7:45 PM<br>FILING ID: 837C211CACA62<br>CASE NUMBER: 2026CV30010 |
| **Plaintiff:** ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, a foreign corporation,<br><br>v.<br><br>**Defendant:** ECOLIFE TECHNOLOGIES, INC., a foreign corporation, SAMSUNG ELECTRONICS AMERICA, INC., a foreign corporation; and SAMSUNG ELECTRONICS HOME APPLIANCES AMERICA, LLC, a foreign corporation. | ▲COURT USE ONLY▲ |
| ***Counsel for Plaintiff***<br>Jennifer A. Poynter, #24619<br>Charles M. Gruber, #62075<br>Poynter Law LLC<br>Address: 6025 S. Quebec St., Ste. 190<br>Centennial, CO 80111<br>Phone: (303) 991-2229<br>Email: jennifer@poynterlawllc.com<br>cgruber@poynterlawllc.com | Case No.:<br><br>Div.: |
| **COMPLAINT** | |

Plaintiff Allstate Vehicle and Property Insurance Company, by and through its attorneys, Poynter Law LLC, hereby submits the following Complaint against the above-named Defendant:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Allstate Vehicle and Property Insurance Company ("Allstate") is an Illinois corporation authorized to do business in Colorado, with a principal business address of 3075 Sanders Road, Suite G4e, Northbrook, IL 60062.

2. At all times relevant, Plaintiff Allstate provided insurance for Alexandra Barth with respect to real property located at 24073 E. Florida Ave., Aurora, CO 80018 ("Property").

3. Defendant Ecolife Technologies, Inc. ("Ecolife") is a California corporation with a principal business address of 1951 S. Lynx Pl., Ontario, CA 91761, and a registered agent for service of process listed on the California Secretary of State website as Jun Zhang, 1951 S. Lynx Pl., Ontario, CA 91761.

4. Defendant Samsung Electronics America, Inc. ("Samsung") is a New York corporation authorized to do business in Colorado, with a principal place of business located at 85 Challenger Rd., Ridgefield Park, NJ 07660, and a registered agent for service of process listed on the Colorado Secretary of State website as C T Corporation System, 7700 E. Arapahoe Rd., Ste. 220, Centennial, CO 80112.

5. Defendant Samsung Electronics Home Appliances America, LLC (SEHA) is a subsidiary of Samsung Electronics America, Inc., and is a South Carolina corporation authorized to do business in South Carolina with a principal place of business at 284 Mawsons Way, Newberry, South Carolina 29108.

6. As set forth herein, Defendants caused an incident to occur in the County of Arapahoe, State of Colorado.

7. This Court has jurisdiction of this matter pursuant to C.R.S. § 13-1-124 or otherwise under Colorado statutes and law.

8. Venue is proper in this Court pursuant to C.R.C.P. 98 because the subject incident occurred in Arapahoe County, Colorado.

## GENERAL ALLEGATIONS

1. On January 6, 2024, the Property belonging to Plaintiff's insureds was damaged by water leaking from the refrigerator located in the Property kitchen.

2. The refrigerator Model No. RF263BEAESR/AA, Serial No. JKJ44BBFA07744V ("Refrigerator") is manufactured and sold by Defendant Samsung and/or SEHA.

3. The Refrigerator was connected to the home's water supply line point in the kitchen, and the water leak was observed coming from inside the Refrigerator.

4. The Refrigerator was equipped with a "Waterdrop" water filter, model no. WD-DA29-00020B, serial no. BJAL06V5V2ZD-1JN ("Filter"), manufactured and sold by Defendant Ecolife.

5. The Refrigerator and the Filter were subsequently collected and nondestructively examined in a laboratory.

6. A "Y" shaped crack was observed on the Filter consistent with a freeze failure.

7. Depending on the quantity of foodstuffs stored in a refrigerator, residential refrigerators such as Refrigerator may reach temperatures at or near freezing even if not set to that level.

8. This occurs because the inside of residential refrigerators such as the subject Refrigerator, are partially cooled via a vent from the connected freezer that lets cold air from the freezer into the refrigerator.

9. Because residential refrigerators cooled in this manner are capable of reaching temperatures at or near freezing, water filters installed in such refrigerators should be designed and manufactured to resist freezing temperatures to avoid water losses such as the subject water loss.

10. Residential refrigerators, such as the subject Refrigerator, should not be designed in this manner, as it allows the temperature inside the Refrigerator to reach temperatures at or near freezing even if not set to that level.

11. Water inside the subject Filter froze and cracked the filter, which led to the discharge of water from the filter that caused the subject water loss.

12. At the time the Filter was manufactured, other designs and materials that are resistant to freezing temperatures to avoid water loss were readily available.

13. The water loss at Plaintiff's insured's Property was caused by the defective Filter that was not designed and manufactured to resist expected temperatures inside the Refrigerator in which it was installed.

14. Freezing temperatures in the Refrigerator that caused the defective Filter to burst were reached due to the defective design of the Refrigerator.

15. As a result of the water leak, Plaintiff Allstate paid damages on behalf of its insured under a policy of insurance in place at the time of the loss and is now equitably and legally subrogated to her claims against the Defendants.

**FIRST CLAIM FOR RELIEF**
**(Strict Product Liability- Ecolife)**

16. Plaintiff incorporates by reference the allegations contained in the previous paragraphs as if more fully set forth herein.

17. Defendant Ecolife designed and manufactured the Filter and was in the business of selling such Filters for use.

18. Defendant Ecolife sold the Filter in a condition that was defective, and because of the defect, the Filter was unreasonably dangerous to the Property of the purchaser, Plaintiff's insured.

19. The Filter was defective at the time it was sold by Defendant Ecolife or left its control.

20. The Filter was expected to reach and did reach the users, including Plaintiff's insured, without substantial change in the condition in which it was sold.

21. Plaintiff's insured was a person who would reasonably be expected to use the Filter.

22. Plaintiff's insured's Property was damaged by the water leak.

23. The defect in the Filter was the cause of the water leak and the damages to Plaintiff's insured's Property.

24. As a direct and proximate result of the defect in the Filter, Plaintiff sustained damages in an amount to be proven at trial.

**SECOND CLAIM FOR RELIEF**
**(Negligence- Ecolife)**

25. Plaintiff incorporates by reference the allegations contained in the previous paragraphs as if more fully set forth herein.

26. Defendant Ecolife designed and manufactured the Filter.

27. Defendant Ecolife knew, or in the exercise of reasonable care should have known, that the Filter would foreseeably be exposed to temperatures at or near freezing while installed inside the Refrigerator.

28. Defendant Ecolife was negligent by failing to design, manufacture, and test the Filter to ensure that it could withstand exposure at or near freezing temperatures inside a residential refrigerator.

29. Plaintiff's insured was a person who would reasonably be expected to use the Filter.

30. The Property of Plaintiff's insured was damaged by Defendant Ecolife's negligence while the Filter was being used in the manner Defendant Ecolife should reasonably have expected.

31. As a direct and proximate result of Defendant Ecolife's negligence, Plaintiff sustained damages in an amount to be proven at trial.

**THIRD CLAIM FOR RELIEF**
**(Breach of Implied Warranty of Merchantability- Ecolife)**

32. Plaintiff incorporates by reference the allegations contained in the previous paragraphs as if more fully set forth herein.

33. Defendant Ecolife sold the Filter.

34. Defendant Ecolife was a merchant with respect to the type of product involved.

35. The Filter was not of merchantable quality at the time of sale.

36. Defendant Ecolife failed to provide merchantable goods, as the Filter was susceptible to fracturing when exposed to foreseeable temperatures inside a Refrigerator.

37. Within a reasonable time after Plaintiff discovered or should have discovered the alleged breach of warranty, Plaintiff notified Defendant Ecolife of the breach.

38. As a direct and proximate result of Defendant Ecolife's breach of the implied warranty of merchantability, Plaintiff sustained damages in an amount to be proven at trial.

**FOURTH CLAIM FOR RELIEF**
**(Breach of Implied Warranty of Fitness- Ecolife)**

39. Plaintiff incorporates by reference the allegations contained in the previous paragraphs as if more fully set forth herein.

40. Defendant Ecolife sold the Filter.

41. Defendant Ecolife impliedly warranted the Filter to be fit for the particular purpose of use as a safe in-appliance water filter and purifier.

42. Plaintiff's insured was a person who was reasonably expected to use or be affected by the Filter.

43. The Filter was not fit for the particular purpose for which it was warranted, as the Filter was susceptible to fracturing when exposed to normal, expected, and foreseeable temperatures inside a refrigerator.

44. Within a reasonable time after Plaintiff discovered or should have discovered the alleged breach of warranty, Plaintiff notified Defendant Ecolife of the breach.

45. As a direct and proximate result of Defendant Ecolife's breach of the implied warranty of fitness, Plaintiff sustained damages in an amount to be proven at trial.

**FIFTH CLAIM FOR RELIEF**
**(Strict Product Liability- Samsung)**

46. Plaintiff incorporates by reference the allegations contained in the previous paragraphs as if more fully set forth herein.

47. Defendant Samsung designed, manufactured, and distributed the Refrigerator and was in the business of selling such refrigerators for use.

48. Defendant Samsung's design of the Refrigerator allowed for the refrigerator to reach freezing temperatures when it was not stocked even if the Refrigerator was set to a temperature above freezing.

49. Defendant Samsung sold the Refrigerator in a condition that was defective, and because of the defect, the Refrigerator was unreasonably dangerous to the Property of the purchaser, Plaintiff's insured.

50. The Refrigerator was defective at the time it was sold by Defendant Samsung or left its control.

51. The Refrigerator was expected to reach and did reach the users, including Plaintiff's insured, without substantial change in the condition in which it was sold.

52. Plaintiff's insured was a person who would reasonably be expected to use the Refrigerator.

53. Plaintiff's insured's Property was damaged by the water leak.

54. The defect in the Refrigerator was the cause of the freeze, water leak, and the damages to Plaintiff's insured's Property.

55. As a direct and proximate result of the defect in the Refrigerator, Plaintiff sustained damages in an amount to be proven at trial.

**<u>SIXTH CLAIM FOR RELIEF</u>**
**(Negligence- Samsung)**

56. Plaintiff incorporates by reference the allegations contained in the previous paragraphs as if more fully set forth herein.

57. Defendant Samsung designed and manufactured the refrigerator.

58. Defendant Samsung knew, or in the exercise of reasonable care should have known, that the filter would foreseeably be exposed to temperatures at or near freezing while installed inside the Refrigerator.

59. Defendant Samsung was negligent by design of the Refrigerator allowed for the refrigerator to reach freezing temperatures when it was not stocked even if the Refrigerator was set to a temperature above freezing.

60. Plaintiff's insured was a person who would reasonably be expected to use the refrigerator.

61. The Property of Plaintiff's insured was damaged by Defendant Samsung's negligence while the refrigerator was being used in the manner Defendant Samsung should reasonably have expected.

62. As a direct and proximate result of Defendant Samsung's negligence, Plaintiff sustained damages in an amount to be proven at trial.

**SEVENTH CLAIM FOR RELIEF**
**(Breach of Implied Warranty of Fitness- Samsung)**

63. Plaintiff incorporates by reference the allegations contained in the previous paragraphs as if more fully set forth herein.

64. Defendant Samsung sold the refrigerator.

65. Defendant Samsung impliedly warranted the refrigerator to be fit for the particular purpose of use as a safe refrigerator.

66. Plaintiff's insured was a person who was reasonably expected to use or be affected by the refrigerator.

67. The refrigerator was not fit for the particular purpose for which it was warranted, as the refrigerator was susceptible to reaching freezing temperatures, even with the temperature set above a freezing level.

68. Within a reasonable time after Plaintiff discovered or should have discovered the alleged breach of warranty, Plaintiff notified Defendant Samsung of the breach.

69. As a direct and proximate result of Defendant Samsung's breach of the implied warranty of fitness, Plaintiff sustained damages in an amount to be proven at trial.

**EIGHTH CLAIM FOR RELIEF**
**(Breach of Implied Warranty of Merchantability- Samsung)**

70. Plaintiff incorporates by reference the allegations contained in the previous paragraphs as if more fully set forth herein.

71. Defendant Samsung sold the Refrigerator.

72. Defendant Samsung was a merchant with respect to the type of product involved.

73. The Refrigerator was not of merchantable quality at the time of sale.

74. Defendant's Refrigerator failed to provide merchantable goods, as the Refrigerator was susceptible to reaching freezing temperatures, even with the temperature set above a freezing level.

75. Within a reasonable time after Plaintiff discovered or should have discovered the alleged breach of warranty, Plaintiff notified Defendant Samsung of the breach.

76. As a direct and proximate result of Defendant Samsung's breach of the implied warranty of merchantability, Plaintiff sustained damages in an amount to be proven at trial.

**NINTH CLAIM FOR RELIEF**
**(Strict Product Liability- SEHA)**

77. Plaintiff incorporates by reference the allegations contained in the previous paragraphs as if more fully set forth herein.

78. Defendant SEHA designed, manufactured, and distributed the Refrigerator and was in the business of selling such refrigerators for use.

79. Defendant SEHA's design of the Refrigerator allowed for the refrigerator to reach freezing temperatures when it was not stocked even if the Refrigerator was set to a temperature above freezing.

80. Defendant SEHA sold the Refrigerator in a condition that was defective, and because of the defect, the Refrigerator was unreasonably dangerous to the Property of the purchaser, Plaintiff's insured.

81. The Refrigerator was defective at the time it was sold by Defendant SEHA or left its control.

82. The Refrigerator was expected to reach and did reach the users, including Plaintiff's insured, without substantial change in the condition in which it was sold.

83. Plaintiff's insured was a person who would reasonably be expected to use the Refrigerator.

84. Plaintiff's insured's Property was damaged by the water leak.

85. The defect in the Refrigerator was the cause of the freeze, water leak, and the damages to Plaintiff's insured's Property.

86. As a direct and proximate result of the defect in the Refrigerator, Plaintiff sustained damages in an amount to be proven at trial.

**TENTH CLAIM FOR RELIEF**
**(Negligence- SEHA)**

87. Plaintiff incorporates by reference the allegations contained in the previous paragraphs as if more fully set forth herein.

88. Defendant SEHA designed and manufactured the refrigerator.

89. Defendant SEHA knew, or in the exercise of reasonable care should have known, that the filter would foreseeably be exposed to temperatures at or near freezing while installed inside the Refrigerator.

90. Defendant SEHA was negligent by design of the Refrigerator allowed for the refrigerator to reach freezing temperatures when it was not stocked even if the Refrigerator was set to a temperature above freezing.

91. Plaintiff's insured was a person who would reasonably be expected to use the refrigerator.

92. The Property of Plaintiff's insured was damaged by Defendant SEHA's negligence while the refrigerator was being used in the manner Defendant Samsung should reasonably have expected.

93. As a direct and proximate result of Defendant SEHA's negligence, Plaintiff sustained damages in an amount to be proven at trial.

**ELEVENTH CLAIM FOR RELIEF**
**(Breach of Implied Warranty of Fitness- SEHA)**

94. Plaintiff incorporates by reference the allegations contained in the previous paragraphs as if more fully set forth herein.

95. Defendant SEHA sold the refrigerator.

96. Defendant SEHA impliedly warranted the refrigerator to be fit for the particular purpose of use as a safe refrigerator.

97. Plaintiff's insured was a person who was reasonably expected to use or be affected by the refrigerator.

98. The refrigerator was not fit for the particular purpose for which it was warranted, as the refrigerator was susceptible to reaching freezing temperatures, even with the temperature set above a freezing level.

99. Within a reasonable time after Plaintiff discovered or should have discovered the alleged breach of warranty, Plaintiff notified Defendant SEHA of the breach.

100. As a direct and proximate result of Defendant SEHA's breach of the implied warranty of fitness, Plaintiff sustained damages in an amount to be proven at trial.

**TWELFTH CLAIM FOR RELIEF**

**(Breach of Implied Warranty of Merchantability- SEHA)**

101. Plaintiff incorporates by reference the allegations contained in the previous paragraphs as if more fully set forth herein.

102. Defendant SEHA sold the Refrigerator.

103. Defendant SEHA was a merchant with respect to the type of product involved.

104. The Refrigerator was not of merchantable quality at the time of sale.

105. Defendant's Refrigerator failed to provide merchantable goods, as the Refrigerator was susceptible to reaching freezing temperatures, even with the temperature set above a freezing level.

106. Within a reasonable time after Plaintiff discovered or should have discovered the alleged breach of warranty, Plaintiff notified Defendant SEHA of the breach.

107. As a direct and proximate result of Defendant SEHA's breach of the implied warranty of merchantability, Plaintiff sustained damages in an amount to be proven at trial.

**PRAYERS FOR RELIEF**

Plaintiff prays for judgment against the Defendants as follows:

1. For compensatory damages in amounts to be determined at trial;
2. For Plaintiff's costs and expenses incurred herein;
3. For interest as allowed by law;
4. For attorneys' fees as allowed by law; and
5. For such other and further relief as the Court deems just and equitable.

Dated this 5th day of January, 2026.

Respectfully submitted,

POYNTER LAW LLC

*/s/ Jennifer A. Poynter*
Jennifer A. Poynter – No. 24619
Charles M. Gruber – No. 62075
ATTORNEYS FOR PLAINTIFF

Plaintiff's Address:

3075 Sanders Rd., Ste. G4e
Northbrook, IL 60062

| | |
|---|---|
| DISTRICT COURT, ARAPAHOE COUNTY, COLORADO<br>7325 S. Potomac St.<br>Centennial, CO 80112<br>(303) 645-6600 | DATE FILED<br>January 6, 2026 11:39 AM<br>FILING ID: DF56486B1F7CD<br>CASE NUMBER: 2026CV30010 |
| **Plaintiff:** ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, a foreign corporation,<br><br>v.<br><br>**Defendant:** ECOLIFE TECHNOLOGIES, INC., a foreign corporation, and SAMSUNG ELECTRONICS AMERICA, INC., a foreign corporation. | ▲COURT USE ONLY▲ |
| ***Counsel for Plaintiff***<br>Jennifer A. Poynter, #24619<br>Charles M. Gruber, #62075<br>Poynter Law LLC<br>Address: 6025 S. Quebec St., Ste. 190<br>Centennial, CO 80111<br>Phone: (303) 991-2229<br>Email: jennifer@poynterlawllc.com<br>cgruber@poynterlawllc.com | Case No.: 26CV30010<br><br>Div.: |
| **SUMMONS** | |

**TO THE ABOVE NAMED DEFENDANT:**

c/o Registered Agent for Samsung Electronics Home Appliances America
Paracorp Incorporated,
2140 S Dupont Hwy,
Camden, DE 19934

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court an answer or other response to the attached Complaint. If service of the Summons and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 21 days after such service upon you. If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 35 days after such service upon you. Your answer or counterclaim must be accompanied with the applicable filing fee.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

Dated this 6th day of January 2026.

Respectfully submitted,

POYNTER LAW LLC
*Signed copy on file at the office of Poynter Law LLC*

*/s/ Jennifer A. Poynter*
Jennifer A. Poynter - No. 24619
ATTORNEY FOR PLAINTIFF

**This Summons is issued pursuant to Rule 4, C.R.C.P., as amended. A copy of the Complaint must be served with this Summons. This form should not be used where service by publication is desired.**

**WARNING:** A valid summons may be issued by a lawyer and it need not contain a court case number, the signature of a court officer, or a court seal. The plaintiff has 14 days from the date this summons was served on you to file the case with the court. You are responsible for contacting the court to find out whether the case has been filed and obtain the case number. If the plaintiff files the case within this time, then you must respond as explained in this summons. If the plaintiff files more than 14 days after the date the summons was served on you, the case may be dismissed upon motion and you may be entitled to seek attorney's fees from the plaintiff.

TO THE CLERK: If the summons is issued by the clerk of the court, the signature block for the clerk or deputy should be provided by stamp, or typewriter, in the space to the left of the attorney's name.

Job # 14931331
Ref #

# Affidavit of Process Server

In The District Court of the State of Colorado in and for the County of Arapahoe
(NAME OF COURT)

DATE FILED
January 14, 2026 10:25 AM
FILING ID: 84C2DB25B6DD3
CASE NUMBER: 2026CV30010

| PLAINTIFF/PETITIONER | | DEFENDANT/RESPONDENT | CASE NUMBER |
|---|---|---|---|
| Allstate Vehicle and Property Insurance Company, a foreign corporation | VS | Ecolife Technologies, Inc., a foreign corporation, et al., | 26CV30010 |

I Sharlene Brooks, **being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized to perform said service.**

**Service:** I served Samsung Electronics Home Appliances America, LLC
NAME OF PERSON / ENTITY BEING SERVED

with (list documents) Amended Summons; Complaint; District Court Civil Coversheet (Received Jan 8, 2026 at 11:59am EST)
by leaving with Lia Hayle, Corporate Specialist authorized to accept
NAME/RELATIONSHIP/TITLE

Service Address: Paracorp Incorporated, Registered Agent 2140 S. DuPont Hwy, Camden, DE 19934

On Thu, Jan 08 2026 (DATE) AT 03:23 PM (TIME)

Thereafter copies of the documents were mailed by prepaid, first class mail on ______ (DATE)

from ______ CITY STATE ZIP

**Manner of Service:**

☐ **Personal:** By personally delivering copies to the person being served.
☐ **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of 18 and explaining the general nature of the papers.
☐ **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.
☒ **Corporate:** By personally delivering copies to the person named above.
☐ **Posting:** By posting copies in a conspicuous manner to the front door of the person/entity being served.
☐ Inquired if subject was a member of the U.S. Military and was informed they are not.

**Non-Service:** After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ **Unknown at Address** ☐ **Moved, Left no Forwarding** ☐ **Service Cancelled by Litigant** ☐ **Unable to Serve in Timely Fashion**
☐ **Address Does Not Exist** ☐ **Other** ______

**Description of Person Served Based Upon the Undersigned's Perception:**
Age: 34 Sex: Female Race: African American Height: 5'6" Weight: 150 Hair: Black Other:

Date: January 09, 2026

[signature]
SIGNATURE OF PROCESS SERVER

Subscribed and sworn before me a Notary Public of the State of Delaware on January 09, 2026 (Date)

[signature]
SIGNATURE OF NOTARY PUBLIC
NOTARY PUBLIC for the State of Delaware

KIMBERLY J. RYAN
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires March 31, 2028

| | |
|---|---|
| ☐ County Court ☒ District Court<br>Arapahoe County, Colorado<br><br>Arapahoe County District Court<br>7325 South Potomac Street<br>Centennial, Colorado 80112 | DATE FILED<br>January 14, 2026 10:35 AM<br>FILING ID: 74630C76243D9<br>CASE NUMBER: 2026CV30010 |
| Plaintiff: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, a foreign corporation<br>v.<br>Defendant: ECOLIFE TECHNOLOGIES, INC., a foreign corporation, SAMSUNG ELECTRONICS AMERICA, INC., a foreign corporation; and SAMSUNG ELECTRONICS HOME APPLIANCES AMERICA, LLC, a foreign corporation | ▲ **COURT USE ONLY** ▲ |
| Attorney or Party Without Attorney:<br><br>Jennifer A. Poynter, Esq.<br>Poynter Law LLC<br>6025 S. Quebec St. #190<br>Centennial, CO 80111<br><br>Phone Number: (303) 991-2219 E-mail: jennifer@poynterlawllc.com<br>FAX Number: Atty. Reg. #: 24619 | Case Number: 2026CV30010<br><br>Division_______ Courtroom______ |

**AFFIDAVIT OF SERVICE**

Received by Top Hat File and Serve, Inc. to be served on **CT CORPORATION SYSTEM registered agent for SAMSUNG ELECTRONICS AMERICA, INC., 7700 E ARAPAHOE RD STE 220, CENTENNIAL, Arapahoe County, CO 80112**.

I, Andrew Altman, being duly sworn, depose and say that on the **9th day of January, 2026** at **1:23 pm, I:**

served the above named entity by delivering a true copy of the ***AMENDED SUMMONS, COMPLAINT and DISTRICT COURT CIVIL COVER SHEET*** with the date and hour of service endorsed thereon by me, to : **EMILIE LAPLANTE** a person over the age of 18 and as **ASSISTANT** on behalf of **CT CORPORATION SYSTEM registered agent for SAMSUNG ELECTRONICS AMERICA, INC.**, at the address of: **7700 E ARAPAHOE RD STE 220, CENTENNIAL, Arapahoe County, CO 80112**, and informed said person of the contents therein, in compliance with state statutes.

I have charged the following fees for my services in this matter:
Private Process Server
Fee: $55.00 Service of Summons and Complaint $55.00

**VERIFICATION**

**I declare, under penalty of perjury under the law of Colorado, that the foregoing is true and correct.**

Executed in Aurora, Colorado

| Plaintiff: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, a foreign corporation<br>v.<br>Defendant: ECOLIFE TECHNOLOGIES, INC., a foreign corporation, SAMSUNG ELECTRONICS AMERICA, INC., a foreign corporation; and SAMSUNG ELECTRONICS HOME APPLIANCES AMERICA, LLC, a foreign corporation | CASE NUMBER<br><br>2026CV30010 |
|---|---|

on the 12th day of January, 2026

Signature of Process Server

**Andrew Altman**
Name

Top Hat File and Serve, Inc.
CO
(877) 230-4794

| | |
|---|---|
| ☐ County Court ☒ District Court<br>Arapahoe County, Colorado<br>Court Address:<br>7325 S. Potomac ST. Centennial Co. 80112<br>Plaintiff/Petitioner(s): Allstate Vehicle and Property Ins Co.<br>v.<br>Defendant/Respondent(s): EcoLife Technologies Inc. | DATE FILED<br>January 20, 2026 1:26 PM<br>FILING ID: E5B0EDDEA74CE<br>CASE NUMBER: 2026CV30010<br><br>▲ COURT USE ONLY ▲ |
| Attorney or Party Without Attorney (Name and Address):<br>Poynter Law LLC (Jennifer Poynter # 24619<br>6025 S. Quebec ST. Centennial Co. 80111<br>Phone Number: E-mail:<br>FAX Number: 303-991-2229 Atty. Reg. #: | Case Number: 2026CV30010<br><br>Division Courtroom |

## AFFIDAVIT OF SERVICE

I declare under oath that I am 18 years or older and not a party to the action and that I served THE FOLLOWING DOCUMENTS Amended Summons, Complaint Civil Cover sheet on the Defendant/Respondent in Los Angeles/California (name of County/State) on 1-12-26 (date) at 10:58 AM (time) at the following location: 1951 S. Lynx Pl. Ontario. CA. 91761.

☐ By handing the documents to a person identified to me as the Defendant/Respondent: ____________ (print name of person served).

☐ By identifying the documents, offering to deliver them to a person identified to me as the Defendant/Respondent who refused service, and then leaving the documents in a conspicuous place.

☐ By leaving the documents at the Defendant/Respondent's usual place of abode with ____________ (Name of Person) who is a member of the Defendant/Respondent's family and whose age is 18 years or older. (Identify family relationship) ____________.)

☐ By leaving the documents at the Defendant/Respondent's usual workplace with ____________ (Name of Person) who is the Defendant/Respondent's secretary, administrative assistant, bookkeeper, or managing agent. (Circle title of person served.)

☒ By leaving the documents with Jeremy White (Name of Person), who as Employee (title) is authorized by appointment or by law to receive service of process for the Defendant/Respondent.

☐ By serving the documents as follows (other service permitted by C.R.C.P 4(g) or C.R.C.P. 304(c)(d) and (e): ____________.

☐ **For Eviction Cases Only.**
I have made diligent efforts such as ____________ (list personal service attempts) but have been unable to make personal service on the Defendant/Respondent(s) and I have made service of the within summons and complaint by posting a copy of them in a conspicuous place upon the premises described therein.

**I have charged the following fees for my services in this matter:**

☒ Private process server

☐ Sheriff. ____________ County
Fee $ ____ Mileage $ ____________

☒ By checking this box, I am acknowledging I am filling in the blanks and not changing anything else on the form.

☐ By checking this box, I am acknowledging that I have made a change to the original content of this form.

---

## VERIFICATION

**I declare under penalty of perjury under the law of Colorado that the foregoing is true and correct.**

Executed on the 18th (date) day of January (month), 2026 (year)

Rancho Cucamonga
(city or other location, and state OR country)

James Kimberly
(Printed Signature)

[signature]
Signature

1-18-26
Date

<table>
<tr><td>DISTRICT COURT, ARAPAHOE COUNTY, COLORADO<br>7325 S. Potomac St.<br>Centennial, CO 80112<br>(303) 645-6600</td><td rowspan="3">DATE FILED<br>January 29, 2026 4:40 PM<br>FILING ID: 6559B36F65CFD<br>CASE NUMBER: 2026CV30010<br><br>▲ COURT USE ONLY ▲</td></tr>
<tr><td>Plaintiff: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, a foreign corporation,<br><br>v.<br><br>Defendants: ECOLIFE TECHNOLOGIES, INC., a foreign corporation, SAMSUNG ELECTRONICS AMERICA, INC., a foreign corporation, and SAMSUNG ELECTRONICS HOME APPLIANCES AMERICA, LLC, a foreign corporation.</td></tr>
<tr><td>Attorneys for Defendant:<br>Scott D. Sweeney (Reg. #28854)<br>WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP<br>1225 17th Street, Suite 1700<br>Denver, CO 80202<br>Phone Number: (303) 572-5300<br>Fax Number: (303) 572-5301<br>Scott.Sweeney@wilsonelser.com</td><td>Case Number: 26CV30010<br><br>Division:</td></tr>
<tr><td colspan="2">DEFENDANT SAMSUNG ELECTRONICS HOME APPLIANCES AMERICA, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT</td></tr>
</table>

Defendant Samsung Electronics Home Appliances America, LLC (hereinafter, "SEHA" or "Defendant"), by and through undersigned counsel, submits its Answer and Jury Demand to Plaintiff's Complaint ("Complaint") as follows:

**PARTIES, JURISDICTION AND VENUE**

1. SEHA is without sufficient information to admit or deny the allegations contained in paragraph 1 of the Complaint and, therefore, denies those allegations.

2. SEHA is without sufficient information to admit or deny the allegations contained in paragraph 2 of the Complaint and, therefore, denies those allegations.

3. SEHA is without sufficient information to admit or deny the allegations contained in paragraph 3 of the Complaint and, therefore, denies those allegations.

4. SEHA is without sufficient information to admit or deny the allegations contained in paragraph 2 of the Complaint and, therefore, denies those allegations.

5. SEHA denies that it is a South Carolina Corporation. SEHA admits that it is a Delaware Limited Liability Company. SEHA admits the remaining allegations contained in paragraph 5 of the Complaint.

6. SEHA is without sufficient information to admit or deny the allegations contained in paragraph 6 of the Complaint and, therefore, denies those allegations.

7. The matters alleged in paragraph 7 of the Complaint are a conclusion of law to which no response is required; however, to the extent a response is required, SEHA is not contesting jurisdiction.

8. The matters alleged in paragraph 8 of the Complaint are a conclusion of law to which no response is required; however, to the extent a response is required, SEHA is not contesting venue.

## GENERAL ALLEGATIONS

1. SEHA is without sufficient information to admit or deny the allegations contained in paragraph 1 of the Complaint and, therefore, denies those allegations.

2. SEHA denies the allegations contained in paragraph 2 of the Complaint. SEHA admits it manufactures, assembles, packages, sells, and distributes only certain models of "Samsung" branded washing machines.

3. SEHA is without sufficient information to admit or deny the allegations contained in paragraph 3 of the Complaint and, therefore, denies those allegations.

4. SEHA is without sufficient information to admit or deny the allegations contained in paragraph 4 of the Complaint and, therefore, denies those allegations.

5. SEHA is without sufficient information to admit or deny the allegations contained in paragraph 5 of the Complaint and, therefore, denies those allegations.

6. SEHA is without sufficient information to admit or deny the allegations contained in paragraph 6 of the Complaint and, therefore, denies those allegations.

7. SEHA is without sufficient information to admit or deny the allegations contained in paragraph 7 of the Complaint and, therefore, denies those allegations.

8. SEHA is without sufficient information to admit or deny the allegations contained in paragraph 8 of the Complaint and, therefore, denies those allegations.

9. SEHA is without sufficient information to admit or deny the allegations contained in paragraph 9 of the Complaint and, therefore, denies those allegations.

10. SEHA is without sufficient information to admit or deny the allegations contained in paragraph 10 of the Complaint and, therefore, denies those allegations.

11. SEHA is without sufficient information to admit or deny the allegations contained in paragraph 11 of the Complaint and, therefore, denies those allegations.

12. SEHA is without sufficient information to admit or deny the allegations contained in paragraph 12 of the Complaint and, therefore, denies those allegations.

13. SEHA is without sufficient information to admit or deny the allegations contained in paragraph 13 of the Complaint and, therefore, denies those allegations.

14. SEHA is without sufficient information to admit or deny the allegations contained in paragraph 14 of the Complaint and, therefore, denies those allegations.

15. SEHA is without sufficient information to admit or deny the allegations contained in paragraph 15 of the Complaint and, therefore, denies those allegations.

**FIRST CLAIM FOR RELIEF**
**(Strict Product Liability- Ecolife)**

16. SEHA incorporates its responses to the preceding paragraphs as if fully set forth herein.

17. Paragraph 17 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEHA, is without sufficient information to admit or deny the allegations contained in paragraph 17 of the Complaint and, therefore, denies those allegations.

18. Paragraph 18 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEHA, is without sufficient information to admit or deny the allegations contained in paragraph 18 of the Complaint and, therefore, denies those allegations.

19. Paragraph 19 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEHA, is without sufficient information to admit

or deny the allegations contained in paragraph 19 of the Complaint and, therefore, denies those allegations.

20. Paragraph 20 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEHA, is without sufficient information to admit or deny the allegations contained in paragraph 20 of the Complaint and, therefore, denies those allegations.

21. Paragraph 21 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEHA, is without sufficient information to admit or deny the allegations contained in paragraph 21 of the Complaint and, therefore, denies those allegations.

22. Paragraph 22 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEHA, is without sufficient information to admit or deny the allegations contained in paragraph 22 of the Complaint and, therefore, denies those allegations.

23. Paragraph 23 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEHA, is without sufficient information to admit or deny the allegations contained in paragraph 23 of the Complaint and, therefore, denies those allegations.

24. Paragraph 24 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEHA, is without sufficient information to admit or deny the allegations contained in paragraph 24 of the Complaint and, therefore, denies those allegations.

**SECOND CLAIM FOR RELIEF**
**(Negligence - Ecolife)**

25. SEHA incorporates its responses to the preceding paragraphs as if fully set forth herein.

26. Paragraph 26 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEHA, is without sufficient information to admit or deny the allegations contained in paragraph 26 of the Complaint and, therefore, denies those allegations.

27. Paragraph 27 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEHA, is without sufficient information to admit or deny the allegations contained in paragraph 27 of the Complaint and, therefore, denies those allegations.

28. Paragraph 28 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEHA, is without sufficient information to admit or deny the allegations contained in paragraph 28 of the Complaint and, therefore, denies those allegations.

29. Paragraph 29 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEHA, is without sufficient information to admit or deny the allegations contained in paragraph 29 of the Complaint and, therefore, denies those allegations.

30. Paragraph 30 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEHA, is without sufficient information to admit

or deny the allegations contained in paragraph 30 of the Complaint and, therefore, denies those allegations.

31. Paragraph 31 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEHA, is without sufficient information to admit or deny the allegations contained in paragraph 31 of the Complaint and, therefore, denies those allegations.

**<u>THIRD CLAIM FOR RELIEF</u>**
**(Breach of Implied Warranty of Merchantability - Ecolife)**

32. SEHA incorporates its responses to the preceding paragraphs as if fully set forth herein.

33. Paragraph 33 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEHA, is without sufficient information to admit or deny the allegations contained in paragraph 33 of the Complaint and, therefore, denies those allegations.

34. Paragraph 34 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEHA, is without sufficient information to admit or deny the allegations contained in paragraph 34 of the Complaint and, therefore, denies those allegations.

35. Paragraph 35 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEHA, is without sufficient information to admit or deny the allegations contained in paragraph 35 of the Complaint and, therefore, denies those allegations.

36. Paragraph 36 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEHA, is without sufficient information to admit or deny the allegations contained in paragraph 36 of the Complaint and, therefore, denies those allegations.

37. Paragraph 37 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEHA, is without sufficient information to admit or deny the allegations contained in paragraph 37 of the Complaint and, therefore, denies those allegations.

38. Paragraph 38 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEHA, is without sufficient information to admit or deny the allegations contained in paragraph 38 of the Complaint and, therefore, denies those allegations.

**FOURTH CLAIM FOR RELIEF**
**(Breach of Implied Warranty of Fitness - Ecolife)**

39. SEHA incorporates its responses to the preceding paragraphs as if fully set forth herein.

40. Paragraph 40 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEHA, is without sufficient information to admit or deny the allegations contained in paragraph 40 of the Complaint and, therefore, denies those allegations.

41. Paragraph 41 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEHA, is without sufficient information to admit

or deny the allegations contained in paragraph 41 of the Complaint and, therefore, denies those allegations.

42. Paragraph 42 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEHA, is without sufficient information to admit or deny the allegations contained in paragraph 42 of the Complaint and, therefore, denies those allegations.

43. Paragraph 43 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEHA, is without sufficient information to admit or deny the allegations contained in paragraph 43 of the Complaint and, therefore, denies those allegations.

44. Paragraph 44 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEHA, is without sufficient information to admit or deny the allegations contained in paragraph 44 of the Complaint and, therefore, denies those allegations.

45. Paragraph 45 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEHA, is without sufficient information to admit or deny the allegations contained in paragraph 45 of the Complaint and, therefore, denies those allegations.

**FIFTH CLAIM FOR RELIEF**
**(Strict Product Liability- Samsung)**

46. SEHA incorporates its responses to the preceding paragraphs as if fully set forth herein.

47. Paragraph 47 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEHA, is without sufficient information to admit or deny the allegations contained in paragraph 47 of the Complaint and, therefore, denies those allegations.

48. Paragraph 48 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEHA, is without sufficient information to admit or deny the allegations contained in paragraph 48 of the Complaint and, therefore, denies those allegations.

49. Paragraph 49 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEHA, is without sufficient information to admit or deny the allegations contained in paragraph 49 of the Complaint and, therefore, denies those allegations.

50. Paragraph 50 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEHA, is without sufficient information to admit or deny the allegations contained in paragraph 50 of the Complaint and, therefore, denies those allegations.

51. Paragraph 51 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEHA, is without sufficient information to admit or deny the allegations contained in paragraph 51 of the Complaint and, therefore, denies those allegations.

52. Paragraph 52 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEHA, is without sufficient information to admit

or deny the allegations contained in paragraph 52 of the Complaint and, therefore, denies those allegations.

53. Paragraph 53 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEHA, is without sufficient information to admit or deny the allegations contained in paragraph 53 of the Complaint and, therefore, denies those allegations.

54. Paragraph 54 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEHA, is without sufficient information to admit or deny the allegations contained in paragraph 54 of the Complaint and, therefore, denies those allegations.

55. Paragraph 55 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEHA, is without sufficient information to admit or deny the allegations contained in paragraph 55 of the Complaint and, therefore, denies those allegations.

**SIXTH CLAIM FOR RELIEF**
**(Negligence - Samsung)**

56. SEHA incorporates its responses to the preceding paragraphs as if fully set forth herein.

57. Paragraph 57 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEHA, is without sufficient information to admit or deny the allegations contained in paragraph 57 of the Complaint and, therefore, denies those allegations.

58. Paragraph 58 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEHA, is without sufficient information to admit or deny the allegations contained in paragraph 58 of the Complaint and, therefore, denies those allegations.

59. Paragraph 59 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEHA, is without sufficient information to admit or deny the allegations contained in paragraph 59 of the Complaint and, therefore, denies those allegations.

60. Paragraph 60 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEHA, is without sufficient information to admit or deny the allegations contained in paragraph 60 of the Complaint and, therefore, denies those allegations.

61. Paragraph 61 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEHA, is without sufficient information to admit or deny the allegations contained in paragraph 61 of the Complaint and, therefore, denies those allegations.

62. Paragraph 62 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEHA, is without sufficient information to admit or deny the allegations contained in paragraph 62 of the Complaint and, therefore, denies those allegations.

**SEVENTH CLAIM FOR RELIEF**
**(Breach of Implied Warranty of Fitness - Samsung)**

63. SEHA incorporates its responses to the preceding paragraphs as if fully set forth herein.

64. Paragraph 64 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEHA, is without sufficient information to admit or deny the allegations contained in paragraph 64 of the Complaint and, therefore, denies those allegations.

65. Paragraph 65 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEHA, is without sufficient information to admit or deny the allegations contained in paragraph 65 of the Complaint and, therefore, denies those allegations.

66. Paragraph 66 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEHA, is without sufficient information to admit or deny the allegations contained in paragraph 66 of the Complaint and, therefore, denies those allegations.

67. Paragraph 67 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEHA, is without sufficient information to admit or deny the allegations contained in paragraph 67 of the Complaint and, therefore, denies those allegations.

68. Paragraph 68 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEHA, is without sufficient information to admit

or deny the allegations contained in paragraph 68 of the Complaint and, therefore, denies those allegations.

69. Paragraph 69 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEHA, is without sufficient information to admit or deny the allegations contained in paragraph 69 of the Complaint and, therefore, denies those allegations.

## EIGHTH CLAIM FOR RELIEF
**(Breach of Implied Warranty of Merchantability - Samsung)**

70. SEHA incorporates its responses to the preceding paragraphs as if fully set forth herein.

71. Paragraph 71 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEHA, is without sufficient information to admit or deny the allegations contained in paragraph 71 of the Complaint and, therefore, denies those allegations.

72. Paragraph 72 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEHA, is without sufficient information to admit or deny the allegations contained in paragraph 72 of the Complaint and, therefore, denies those allegations.

73. Paragraph 73 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEHA, is without sufficient information to admit or deny the allegations contained in paragraph 73 of the Complaint and, therefore, denies those allegations.

74. Paragraph 74 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEHA, is without sufficient information to admit or deny the allegations contained in paragraph 74 of the Complaint and, therefore, denies those allegations.

75. Paragraph 75 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEHA, is without sufficient information to admit or deny the allegations contained in paragraph 75 of the Complaint and, therefore, denies those allegations.

76. Paragraph 76 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEHA, is without sufficient information to admit or deny the allegations contained in paragraph 76 of the Complaint and, therefore, denies those allegations.

**NINTH CLAIM FOR RELIEF**
**(Strict Product Liability- SEHA)**

77. SEHA incorporates its responses to the preceding paragraphs as if fully set forth herein.

78. SEHA denies the allegations in paragraph 78 of the Complaint. SEHA admits it manufactures, assembles, packages, sells, and distributes only certain models of "Samsung" branded washing machines.

79. SEHA denies the allegations in paragraph 79 of the Complaint.

80. SEHA denies the allegations in paragraph 80 of the Complaint.

81. SEHA denies the allegations in paragraph 81 of the Complaint.

82. SEHA denies the allegations in paragraph 82 of the Complaint.

83. SEHA denies the allegations in paragraph 83 of the Complaint.

84. SEHA denies the allegations in paragraph 84 of the Complaint.

85. SEHA denies the allegations in paragraph 85 of the Complaint.

86. SEHA denies the allegations in paragraph 86 of the Complaint.

**TENTH CLAIM FOR RELIEF**
**(Negligence - SEHA)**

87. SEHA incorporates its responses to the preceding paragraphs as if fully set forth herein.

88. SEHA denies the allegations in paragraph 88 of the Complaint. SEHA admits it manufactures, assembles, packages, sells, and distributes only certain models of "Samsung" branded washing machines.

89. SEHA denies the allegations in paragraph 89 of the Complaint.

90. SEHA denies the allegations in paragraph 90 of the Complaint.

91. SEHA denies the allegations in paragraph 91 of the Complaint.

92. SEHA denies the allegations in paragraph 92 of the Complaint.

93. SEHA denies the allegations in paragraph 93 of the Complaint.

**ELEVENTH CLAIM FOR RELIEF**
**(Breach of Implied Warranty of Fitness - SEHA)**

94. SEHA incorporates its responses to the preceding paragraphs as if fully set forth herein.

95. SEHA denies the allegations in paragraph 95 of the Complaint. SEHA admits it manufactures, assembles, packages, sells, and distributes only certain models of "Samsung" branded washing machines.

96. SEHA denies the allegations in paragraph 96 of the Complaint.

97. SEHA denies the allegations in paragraph 97 of the Complaint.

98. SEHA denies the allegations in paragraph 98 of the Complaint.

99. SEHA denies the allegations in paragraph 99 of the Complaint.

100. SEHA denies the allegations in paragraph 100 of the Complaint.

**TWELFTH CLAIM FOR RELIEF**
**(Breach of Implied Warranty of Merchantability - SEHA)**

101. SEHA incorporates its responses to the preceding paragraphs as if fully set forth herein.

102. SEHA denies the allegations in paragraph 102 of the Complaint. SEHA admits it manufactures, assembles, packages, sells, and distributes only certain models of "Samsung" branded washing machines.

103. SEHA denies the allegations in paragraph 103 of the Complaint.

104. SEHA denies the allegations in paragraph 104 of the Complaint.

105. SEHA denies the allegations in paragraph 105 of the Complaint.

106. SEHA denies the allegations in paragraph 106 of the Complaint.

107. SEHA denies the allegations in paragraph 107 of the Complaint.

**PRAYERS FOR RELIEF**

To the extent Plaintiff's "PRAYERS FOR RELIEF" paragraph contains any allegations against SEHA, SEHA denies those allegations. SEHA further denies that Plaintiff is entitled to the relief requested in its "PRAYERS FOR RELIEF" clause.

**GENERAL DENIAL**

SEHA denies any allegations contained in the Complaint that were not specifically admitted above.

**AFFIRMATIVE DEFENSES**

By way of further answer and without admitting any allegation previously denied, SEHA asserts the following affirmative defenses. These matters are set forth to apprise Plaintiff of certain potentially applicable defenses. However, by listing any matter as an affirmative defense, SEHA does not assume the burden of proving any matter upon which Plaintiff bears the burden of proof.

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's damages, if any, must be reduced by the amount of any and all payments received from a collateral source pursuant to C.R.S. § 13-21-111.6.

3. Plaintiff's claims are barred or are otherwise limited to the extent that Plaintiff and/or Plaintiff's insureds failed to mitigate, minimize, or avoid any damages allegedly sustained.

4. Plaintiff's purported damages, if any, may have been proximately caused by the sole or comparative negligence or fault of Plaintiff, Plaintiff's insureds, or others that Defendant had no right to control, whose negligence reduces or bars any recovery pursuant to C.R.S. § 13-21-111 or C.R.S. § 13-21-406.

5. Any liability or fault assessed against SEHA must be reduced pursuant to the pro rata provisions of C.R.S. § 13-21-111.5. SEHA reserves the right to designate potentially responsible non-parties at fault pursuant to C.R.S. § 13-21-111.5.

6. Any claim for damages for non-economic loss or injury is limited by the provisions of C.R.S. § 13-21-102.5.

7. Plaintiff's claims for an award of interest may be barred or otherwise limited pursuant to C.R.S. § 13-21-101.

8. Plaintiff's claims may be barred by the statute of limitations.

9. Plaintiff's claims may be barred or otherwise limited by the terms of any contract or agreement between the parties.

10. Plaintiff's alleged damages may have been proximately caused by an intervening or superseding cause for which SEHA is not responsible.

11. SEHA's conduct, if any, was neither a material element, substantial factor, nor a proximate cause of Plaintiff's alleged damages.

12. Plaintiff's claims are barred by its failure to provide the correct product manufacturer(s) reasonable notice of the alleged defect as required under the Colorado Product Liability Act.

13. Plaintiff's claims are barred because the alleged defect to the subject product(s) was not present.

14. Plaintiff's claims may be barred or limited by the provisions of the Colorado Products Liability Act, C.R.S. § 13-21-401, *et seq*.

15. Plaintiff's claims are barred because of misuse and/or abuse of the subject product.

16. The subject product was not defective at the time of sale.

17. The subject product complied with any applicable government code, standard, or regulation at the time of its sale.

18. The subject product conformed to the state of the art in existence at the time of the sale, including the applicable codes, standards, and regulations, adopted or promulgated by the United States or Colorado, as well as by any agency of the United States or Colorado

19. The subject product was fit for its particular purpose at the time of its sale.

20. Plaintiff's claims for damages may be barred in whole or in part by the doctrines of accord and satisfaction, acquiescence, waiver, estoppel, laches, betterment, unclean hands, economic waste, and/or payment.

**RESERVATION OF RIGHTS**

SEHA reserves the right to amend its answer, add additional defenses and/or make further claims as may be warranted by discovery or otherwise.

**DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, SEHA prays the Court for the following relief:

1. That Plaintiff take nothing by way of its Complaint or for any of the claims for relief alleged therein, and that the Complaint be dismissed with prejudice;

2. That SEHA be allowed its costs, expenses and attorneys' fees to the fullest extent allowed by law; and

3. For other such relief as this Court may deem just and equitable.

**JURY DEMAND**

SEHA requests a trial to a jury of no fewer than six persons on all triable issues.

Dated this 29th day of January, 2026.

Respectfully submitted,

WILSON ELSER MOSKOWITZ,
EDELMAN & DICKER LLP

BY: */s Scott D. Sweeney*
Scott D. Sweeney, (Reg. #28854)
*Attorney for Samsung Electronics Home Appliances America, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 29, 2026, a true and correct copy of the foregoing **DEFENDANT SAMSUNG ELECTRONICS HOME APPLIANES AMERICA, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT** was filed in Arapahoe County District Court via Colorado Courts E-Filing and electronically served upon all counsel of record.

Signature on file at the offices of Wilson Elser Moskowitz Edelman & Dicker LLP pursuant to C.R.C.P. 121 § 1-26

*/s/ Valerie A. Martinez*
Valerie A. Martinez

| | |
|---|---|
| DISTRICT COURT, ARAPAHOE COUNTY, COLORADO<br>7325 S. Potomac St.<br>Centennial, CO 80112<br>(303) 645-6600 | DATE FILED<br>January 30, 2026 1:13 PM<br>FILING ID: 33A5898056732<br>CASE NUMBER: 2026CV30010 |
| **Plaintiff:** ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, a foreign corporation,<br><br>v.<br><br>**Defendants**: ECOLIFE TECHNOLOGIES, INC., a foreign corporation, SAMSUNG ELECTRONICS AMERICA, INC., a foreign corporation, and SAMSUNG ELECTRONICS HOME APPLIANCES AMERICA, LLC, a foreign corporation. | ▲ COURT USE ONLY ▲ |
| ***Attorneys for Defendant:***<br>Scott D. Sweeney (Reg. #28854)<br>WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP<br>1225 17th Street, Suite 1700<br>Denver, CO 80202<br>Phone Number: (303) 572-5300<br>Fax Number: (303) 572-5301<br>Scott.Sweeney@wilsonelser.com | Case Number: 26CV30010<br><br>Division: |

**DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Samsung Electronics America, Inc. (hereinafter, "SEA" or "Defendant"), by and through undersigned counsel, submits its Answer and Jury Demand to Plaintiff's Complaint ("Complaint") as follows:

**PARTIES, JURISDICTION AND VENUE**

1. SEA is without sufficient information to admit or deny the allegations contained in paragraph 1 of the Complaint and, therefore, denies those allegations.

2. SEA is without sufficient information to admit or deny the allegations contained in paragraph 2 of the Complaint and, therefore, denies those allegations.

3. SEA is without sufficient information to admit or deny the allegations contained in paragraph 3 of the Complaint and, therefore, denies those allegations.

4. SEA admits it is a New York corporation, with its principal place of business in New Jersey. SEA further admits it has a registered agent for service of process listed on the Colorado Secretary of State website. SEA denies the remaining allegations contained in paragraph 4 of the Complaint.

5. SEA admits SEHA is a subsidiary of SEA. SEA is without sufficient information to admit or deny the remaining allegations contained in paragraph 5 of the Complaint and, therefore, denies those allegations.

6. SEA denies the allegations contained in paragraph 6 of the Complaint.

7. The matters alleged in paragraph 7 of the Complaint are a conclusion of law to which no response is required; however, to the extent a response is required, SEA is not contesting jurisdiction.

8. The matters alleged in paragraph 8 of the Complaint are a conclusion of law to which no response is required; however, to the extent a response is required, SEA is not contesting venue.

## GENERAL ALLEGATIONS

1. SEA is without sufficient information to admit or deny the allegations contained in paragraph 1 of the Complaint and, therefore, denies those allegations.

2. SEA admits it is in the business of marketing, distributing, and selling "Samsung" branded appliances, including refrigerators, in the United States. SEA denies the remaining allegations contained in paragraph 2 of the Complaint.

3. SEA is without sufficient information to admit or deny the allegations contained in paragraph 3 of the Complaint and, therefore, denies those allegations.

4. SEA is without sufficient information to admit or deny the allegations contained in paragraph 4 of the Complaint and, therefore, denies those allegations.

5. SEA is without sufficient information to admit or deny the allegations contained in paragraph 5 of the Complaint and, therefore, denies those allegations.

6. SEA is without sufficient information to admit or deny the allegations contained in paragraph 6 of the Complaint and, therefore, denies those allegations.

7. SEA is without sufficient information to admit or deny the allegations contained in paragraph 7 of the Complaint and, therefore, denies those allegations.

8. SEA is without sufficient information to admit or deny the allegations contained in paragraph 8 of the Complaint and, therefore, denies those allegations.

9. SEA is without sufficient information to admit or deny the allegations contained in paragraph 9 of the Complaint and, therefore, denies those allegations.

10. SEA is without sufficient information to admit or deny the allegations contained in paragraph 10 of the Complaint and, therefore, denies those allegations.

11. SEA is without sufficient information to admit or deny the allegations contained in paragraph 11 of the Complaint and, therefore, denies those allegations.

12. SEA is without sufficient information to admit or deny the allegations contained in paragraph 12 of the Complaint and, therefore, denies those allegations.

13. SEA is without sufficient information to admit or deny the allegations contained in paragraph 13 of the Complaint and, therefore, denies those allegations.

14. SEA is without sufficient information to admit or deny the allegations contained in paragraph 14 of the Complaint and, therefore, denies those allegations.

15. SEA is without sufficient information to admit or deny the allegations contained in paragraph 15 of the Complaint and, therefore, denies those allegations.

**FIRST CLAIM FOR RELIEF**
**(Strict Product Liability- Ecolife)**

16. SEA incorporates its responses to the preceding paragraphs as if fully set forth herein.

17. Paragraph 17 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEA, is without sufficient information to admit or deny the allegations contained in paragraph 17 of the Complaint and, therefore, denies those allegations.

18. Paragraph 18 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEA, is without sufficient information to admit or deny the allegations contained in paragraph 18 of the Complaint and, therefore, denies those allegations.

19. Paragraph 19 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEA, is without sufficient information to admit

or deny the allegations contained in paragraph 19 of the Complaint and, therefore, denies those allegations.

20. Paragraph 20 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEA, is without sufficient information to admit or deny the allegations contained in paragraph 20 of the Complaint and, therefore, denies those allegations.

21. Paragraph 21 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEA, is without sufficient information to admit or deny the allegations contained in paragraph 21 of the Complaint and, therefore, denies those allegations.

22. Paragraph 22 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEA, is without sufficient information to admit or deny the allegations contained in paragraph 22 of the Complaint and, therefore, denies those allegations.

23. Paragraph 23 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEA, is without sufficient information to admit or deny the allegations contained in paragraph 23 of the Complaint and, therefore, denies those allegations.

24. Paragraph 24 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEA, is without sufficient information to admit or deny the allegations contained in paragraph 24 of the Complaint and, therefore, denies those allegations.

**<u>SECOND CLAIM FOR RELIEF</u>**
**(Negligence - Ecolife)**

25. SEA incorporates its responses to the preceding paragraphs as if fully set forth herein.

26. Paragraph 26 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEA, is without sufficient information to admit or deny the allegations contained in paragraph 26 of the Complaint and, therefore, denies those allegations.

27. Paragraph 27 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEA, is without sufficient information to admit or deny the allegations contained in paragraph 27 of the Complaint and, therefore, denies those allegations.

28. Paragraph 28 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEA, is without sufficient information to admit or deny the allegations contained in paragraph 28 of the Complaint and, therefore, denies those allegations.

29. Paragraph 29 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEA, is without sufficient information to admit or deny the allegations contained in paragraph 29 of the Complaint and, therefore, denies those allegations.

30. Paragraph 30 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEA, is without sufficient information to admit

or deny the allegations contained in paragraph 30 of the Complaint and, therefore, denies those allegations.

31. Paragraph 31 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEA, is without sufficient information to admit or deny the allegations contained in paragraph 31 of the Complaint and, therefore, denies those allegations.

**THIRD CLAIM FOR RELIEF**
**(Breach of Implied Warranty of Merchantability - Ecolife)**

32. SEA incorporates its responses to the preceding paragraphs as if fully set forth herein.

33. Paragraph 33 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEA, is without sufficient information to admit or deny the allegations contained in paragraph 33 of the Complaint and, therefore, denies those allegations.

34. Paragraph 34 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEA, is without sufficient information to admit or deny the allegations contained in paragraph 34 of the Complaint and, therefore, denies those allegations.

35. Paragraph 35 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEA, is without sufficient information to admit or deny the allegations contained in paragraph 35 of the Complaint and, therefore, denies those allegations.

36. Paragraph 36 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEA, is without sufficient information to admit or deny the allegations contained in paragraph 36 of the Complaint and, therefore, denies those allegations.

37. Paragraph 37 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEA, is without sufficient information to admit or deny the allegations contained in paragraph 37 of the Complaint and, therefore, denies those allegations.

38. Paragraph 38 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEA, is without sufficient information to admit or deny the allegations contained in paragraph 38 of the Complaint and, therefore, denies those allegations.

**FOURTH CLAIM FOR RELIEF**
**(Breach of Implied Warranty of Fitness - Ecolife)**

39. SEA incorporates its responses to the preceding paragraphs as if fully set forth herein.

40. Paragraph 40 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEA, is without sufficient information to admit or deny the allegations contained in paragraph 40 of the Complaint and, therefore, denies those allegations.

41. Paragraph 41 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEA, is without sufficient information to admit

or deny the allegations contained in paragraph 41 of the Complaint and, therefore, denies those allegations.

42. Paragraph 42 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEA, is without sufficient information to admit or deny the allegations contained in paragraph 42 of the Complaint and, therefore, denies those allegations.

43. Paragraph 43 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEA, is without sufficient information to admit or deny the allegations contained in paragraph 43 of the Complaint and, therefore, denies those allegations.

44. Paragraph 44 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEA, is without sufficient information to admit or deny the allegations contained in paragraph 44 of the Complaint and, therefore, denies those allegations.

45. Paragraph 45 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEA, is without sufficient information to admit or deny the allegations contained in paragraph 45 of the Complaint and, therefore, denies those allegations.

**FIFTH CLAIM FOR RELIEF**
**(Strict Product Liability- Samsung)**

46. SEA incorporates its responses to the preceding paragraphs as if fully set forth herein.

47. SEA admits it is in the business of marketing, distributing, and selling "Samsung" branded appliances, including refrigerators, in the United States. SEA denies the remaining allegations in paragraph 47 of the Complaint.

48. SEA denies the remaining allegations in paragraph 48 of the Complaint.

49. SEA denies the remaining allegations in paragraph 49 of the Complaint.

50. SEA denies the remaining allegations in paragraph 50 of the Complaint.

51. SEA denies the remaining allegations in paragraph 51 of the Complaint.

52. SEA denies the remaining allegations in paragraph 52 of the Complaint.

53. SEA denies the remaining allegations in paragraph 53 of the Complaint.

54. SEA denies the remaining allegations in paragraph 54 of the Complaint.

55. SEA denies the remaining allegations in paragraph 55 of the Complaint.

**SIXTH CLAIM FOR RELIEF**
**(Negligence - Samsung)**

56. SEA incorporates its responses to the preceding paragraphs as if fully set forth herein.

57. SEA admits it is in the business of marketing, distributing, and selling "Samsung" branded appliances, including refrigerators, in the United States. SEA denies the remaining allegations in paragraph 57 of the Complaint.

58. SEA denies the remaining allegations in paragraph 58 of the Complaint.

59. SEA denies the remaining allegations in paragraph 59 of the Complaint.

60. SEA denies the remaining allegations in paragraph 60 of the Complaint.

61. SEA denies the remaining allegations in paragraph 61 of the Complaint.

62. SEA denies the remaining allegations in paragraph 62 of the Complaint.

**SEVENTH CLAIM FOR RELIEF**
**(Breach of Implied Warranty of Fitness - Samsung)**

63. SEA incorporates its responses to the preceding paragraphs as if fully set forth herein.

64. SEA admits it is in the business of marketing, distributing, and selling "Samsung" branded appliances, including refrigerators, in the United States. SEA denies the remaining allegations in paragraph 64 of the Complaint.

65. SEA denies the remaining allegations in paragraph 65 of the Complaint.

66. SEA denies the remaining allegations in paragraph 66 of the Complaint.

67. SEA denies the remaining allegations in paragraph 67 of the Complaint.

68. SEA denies the remaining allegations in paragraph 68 of the Complaint.

69. SEA denies the remaining allegations in paragraph 69 of the Complaint.

**EIGHTH CLAIM FOR RELIEF**
**(Breach of Implied Warranty of Merchantability - Samsung)**

70. SEA incorporates its responses to the preceding paragraphs as if fully set forth herein.

71. SEA admits it is in the business of marketing, distributing, and selling "Samsung" branded appliances, including refrigerators, in the United States. SEA denies the remaining allegations in paragraph 71 of the Complaint.

72. SEA denies the remaining allegations in paragraph 72 of the Complaint.

73. SEA denies the remaining allegations in paragraph 73 of the Complaint.

74. SEA denies the remaining allegations in paragraph 74 of the Complaint.

75. SEA denies the remaining allegations in paragraph 75 of the Complaint.

76. SEA denies the remaining allegations in paragraph 76 of the Complaint.

**NINTH CLAIM FOR RELIEF**
**(Strict Product Liability- SEHA)**

77. SEA incorporates its responses to the preceding paragraphs as if fully set forth herein.

78. Paragraph 78 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEA, is without sufficient information to admit or deny the allegations contained in paragraph 78 of the Complaint and, therefore, denies those allegations.

79. Paragraph 79 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEA, is without sufficient information to admit or deny the allegations contained in paragraph 79 of the Complaint and, therefore, denies those allegations.

80. Paragraph 80 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEA, is without sufficient information to admit or deny the allegations contained in paragraph 80 of the Complaint and, therefore, denies those allegations.

81. Paragraph 81 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEA, is without sufficient information to admit or deny the allegations contained in paragraph 81 of the Complaint and, therefore, denies those allegations.

82. Paragraph 82 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEA, is without sufficient information to admit

or deny the allegations contained in paragraph 82 of the Complaint and, therefore, denies those allegations.

83. Paragraph 83 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEA, is without sufficient information to admit or deny the allegations contained in paragraph 83 of the Complaint and, therefore, denies those allegations.

84. Paragraph 84 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEA, is without sufficient information to admit or deny the allegations contained in paragraph 84 of the Complaint and, therefore, denies those allegations.

85. Paragraph 85 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEA, is without sufficient information to admit or deny the allegations contained in paragraph 85 of the Complaint and, therefore, denies those allegations.

86. Paragraph 86 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEA, is without sufficient information to admit or deny the allegations contained in paragraph 86 of the Complaint and, therefore, denies those allegations.

## TENTH CLAIM FOR RELIEF
**(Negligence - SEHA)**

87. SEA incorporates its responses to the preceding paragraphs as if fully set forth herein.

88. Paragraph 88 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEA, is without sufficient information to admit or deny the allegations contained in paragraph 88 of the Complaint and, therefore, denies those allegations.

89. Paragraph 89 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEA, is without sufficient information to admit or deny the allegations contained in paragraph 89 of the Complaint and, therefore, denies those allegations.

90. Paragraph 90 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEA, is without sufficient information to admit or deny the allegations contained in paragraph 90 of the Complaint and, therefore, denies those allegations.

91. Paragraph 91 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEA, is without sufficient information to admit or deny the allegations contained in paragraph 91 of the Complaint and, therefore, denies those allegations.

92. Paragraph 92 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEA, is without sufficient information to admit or deny the allegations contained in paragraph 92 of the Complaint and, therefore, denies those allegations.

93. Paragraph 93 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEA, is without sufficient information to admit

or deny the allegations contained in paragraph 93 of the Complaint and, therefore, denies those allegations.

**ELEVENTH CLAIM FOR RELIEF**
**(Breach of Implied Warranty of Fitness - SEHA)**

94. SEA incorporates its responses to the preceding paragraphs as if fully set forth herein.

95. Paragraph 95 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEA, is without sufficient information to admit or deny the allegations contained in paragraph 95 of the Complaint and, therefore, denies those allegations.

96. Paragraph 96 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEA, is without sufficient information to admit or deny the allegations contained in paragraph 96 of the Complaint and, therefore, denies those allegations.

97. Paragraph 97 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEA, is without sufficient information to admit or deny the allegations contained in paragraph 97 of the Complaint and, therefore, denies those allegations.

98. Paragraph 98 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEA, is without sufficient information to admit or deny the allegations contained in paragraph 98 of the Complaint and, therefore, denies those allegations.

99. Paragraph 99 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEA, is without sufficient information to admit or deny the allegations contained in paragraph 99 of the Complaint and, therefore, denies those allegations.

100. Paragraph 100 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEA, is without sufficient information to admit or deny the allegations contained in paragraph 100 of the Complaint and, therefore, denies those allegations.

**TWELFTH CLAIM FOR RELIEF**
**(Breach of Implied Warranty of Merchantability - SEHA)**

101. SEA incorporates its responses to the preceding paragraphs as if fully set forth herein.

102. Paragraph 102 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEA, is without sufficient information to admit or deny the allegations contained in paragraph 102 of the Complaint and, therefore, denies those allegations.

103. Paragraph 103 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEA, is without sufficient information to admit or deny the allegations contained in paragraph 103 of the Complaint and, therefore, denies those allegations.

104. Paragraph 104 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEA, is without sufficient information to admit

or deny the allegations contained in paragraph 104 of the Complaint and, therefore, denies those allegations.

105. Paragraph 105 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEA, is without sufficient information to admit or deny the allegations contained in paragraph 105 of the Complaint and, therefore, denies those allegations.

106. Paragraph 106 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEA, is without sufficient information to admit or deny the allegations contained in paragraph 106 of the Complaint and, therefore, denies those allegations.

107. Paragraph 107 of the Complaint is directed towards another defendant. In the event a response is required, responding only for itself, SEA, is without sufficient information to admit or deny the allegations contained in paragraph 107 of the Complaint and, therefore, denies those allegations.

## PRAYERS FOR RELIEF

To the extent Plaintiff's "PRAYERS FOR RELIEF" paragraph contains any allegations against SEA, SEA denies those allegations. SEA further denies that Plaintiff is entitled to the relief requested in its "PRAYERS FOR RELIEF" clause.

## GENERAL DENIAL

SEA denies any allegations contained in the Complaint that were not specifically admitted above.

## AFFIRMATIVE DEFENSES

By way of further answer and without admitting any allegation previously denied, SEA asserts the following affirmative defenses. These matters are set forth to apprise Plaintiff of certain potentially applicable defenses. However, by listing any matter as an affirmative defense, SEA does not assume the burden of proving any matter upon which Plaintiff bears the burden of proof.

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's damages, if any, must be reduced by the amount of any and all payments received from a collateral source pursuant to C.R.S. § 13-21-111.6.

3. Plaintiff's claims are barred or are otherwise limited to the extent that Plaintiff and/or Plaintiff's insureds failed to mitigate, minimize, or avoid any damages allegedly sustained.

4. Plaintiff's purported damages, if any, may have been proximately caused by the sole or comparative negligence or fault of Plaintiff, Plaintiff's insureds, or others that Defendant had no right to control, whose negligence reduces or bars any recovery pursuant to C.R.S. § 13-21-111 or C.R.S. § 13-21-406.

5. Any liability or fault assessed against SEA must be reduced pursuant to the pro rata provisions of C.R.S. § 13-21-111.5. SEA reserves the right to designate potentially responsible non-parties at fault pursuant to C.R.S. § 13-21-111.5.

6. Any claim for damages for non-economic loss or injury is limited by the provisions of C.R.S. § 13-21-102.5.

7. Plaintiff's claims for an award of interest may be barred or otherwise limited pursuant to C.R.S. § 13-21-101.

8. Plaintiff's claims may be barred by the statute of limitations.

9. Plaintiff's claims may be barred or otherwise limited by the terms of any contract or agreement between the parties.

10. Plaintiff's alleged damages may have been proximately caused by an intervening or superseding cause for which SEA is not responsible.

11. SEA's conduct, if any, was neither a material element, substantial factor, nor a proximate cause of Plaintiff's alleged damages.

12. Plaintiff's claims are barred by its failure to provide the correct product manufacturer(s) reasonable notice of the alleged defect as required under the Colorado Product Liability Act.

13. Plaintiff's claims are barred because the alleged defect to the subject product(s) was not present.

14. Plaintiff's claims may be barred or limited by the provisions of the Colorado Products Liability Act, C.R.S. § 13-21-401, *et seq*.

15. Plaintiff's claims are barred because of misuse and/or abuse of the subject product.

16. The subject product was not defective at the time of sale.

17. The subject product complied with any applicable government code, standard, or regulation at the time of its sale.

18. The subject product conformed to the state of the art in existence at the time of the sale, including the applicable codes, standards, and regulations, adopted or promulgated by the United States or Colorado, as well as by any agency of the United States or Colorado

19. The subject product was fit for its particular purpose at the time of its sale.

20. Plaintiff's claims for damages may be barred in whole or in part by the doctrines of accord and satisfaction, acquiescence, waiver, estoppel, laches, betterment, unclean hands, economic waste, and/or payment.

## RESERVATION OF RIGHTS

SEA reserves the right to amend its answer, add additional defenses and/or make further claims as may be warranted by discovery or otherwise.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, SEA prays the Court for the following relief:

1. That Plaintiff take nothing by way of its Complaint or for any of the claims for relief alleged therein, and that the Complaint be dismissed with prejudice;

2. That SEA be allowed its costs, expenses and attorneys' fees to the fullest extent allowed by law; and

3. For other such relief as this Court may deem just and equitable

## JURY DEMAND

SEA requests a trial to a jury of no fewer than six persons on all triable issues.

Dated this 30th day of January, 2026.

Respectfully submitted,

WILSON ELSER MOSKOWITZ, EDELMAN & DICKER LLP

BY: */s Scott D. Sweeney*
Scott D. Sweeney, (Reg. #28854)
*Attorney for Samsung Electronics America, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2026, a true and correct copy of the foregoing **DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** was filed in Arapahoe County District Court via Colorado Courts E-Filing and electronically served upon all counsel of record.

Signature on file at the offices of Wilson Elser Moskowitz Edelman & Dicker LLP pursuant to C.R.C.P. 121 § 1-26

*/s/ Valerie A. Martinez*
Valerie A. Martinez